(1) *Corporations: Execution of instruments: Form of signature.*
    (2–4) *Taxation: Estates of decedents: "Administrator:" Personal property omitted from previous assessments.*

1. Where it appears in the body of an instrument that a corporation is the obligor or grantor, the instrument is well executed by the corporation if signed simply with the signature of the proper officer or officers with his or their official title or titles.
2. A special administrator is an administrator within the meaning of sec. 1044, Stats. 1898, requiring personal property in the possession of an administrator to be assessed to him.
3. Under sec. 1059, Stats. 1898, as amended by ch. 50, Laws of 1899, taxes on personal property omitted from assessment during previous years cannot be assessed in the assessment district

where the·deceased owner had resided, when, on May 1st of the year in which the assessment was made, the personal property of his estate was in the hands of an administrator who resided in a different assessment district.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The plaintiff city filed its claim in the county court of Fond du Lac county against the estate of one Charles Otto, deceased, to recover taxes alleged to be owing by said estate. The claim was disallowed by the county court, and from such disallowance the city appealed to the circuit court, where the action was tried without a jury.

The facts were undisputed, and were found by the court substantially as follows: (1) That during the years 1896, 1897, and 1898, and up to April 6, 1899, Charles Otto was a resident of the city of Fond du Lac, and owned certain twenty shares of stock of the Calumet & Hecla Mining Company, also a mortgage for $700, and bank deposits in said city of $1,300, and that said Charles Otto died April 6, 1899; (2) that all of said personal property was omitted from assessment for the years 1896, 1897, and 1898 by mistake, and said Otto paid no personal property tax for said years; (3) that one C. H. Estabrooks was appointed special administrator of the estate of said Charles Otto, April 12, 1899, and on June 7, 1899, letters testamentary were also issued to said Estabrooks, and on August 9, 1899, he was discharged as special administrator, and is now acting as executor of said estate, and was during all of said time a resident of the town of Fond du Lac, and not of the city; (4) that Estabrooks, as special administrator, received said personal property when appointed, and kept the same until he sold said mining stock, the latter part of May, 1899, at which time he paid over to the legatees under Otto's will the proceeds of such sale, without any order of distribution by the court, and that no order of distribution of said estate had been entered at the time of

the trial; (5) that in 1899 the assessors of said city did not place on the assessment roll any personal property belonging to said estate before said roll was laid before the board of review; (6) that August 2, 1899, the board of review gave written notice to said executor and to the heirs of said Otto of their intention to assess said estate for the years 1896, 1897, and 1898 upon a valuation of $11,000, and thereupon, on August 5, 1899, said executor appeared before the board and stated under oath that said deceased owned said mining stock during five or six years before his death, and that the witness had sold the same for the sum of $16,000, and no other evidence was offered by the executor before the said board of review on the subject, and no other evidence as to the value of said mining stock was introduced; (7) that after hearing such evidence, and some further evidence showing that Otto during the years 1896, 1897, and 1898 owned a mortgage of $700, and bank deposits of $1,300, said board of review on the 7th of August, 1899, placed upon said assessment roll an assessment against the estate of said Otto for $9,000 for each of the years 1896, 1897, and 1898, intending thereby to assess said mining stock and other property for said years; (8) that said assessment roll was not verified by the assessors by affidavit, as required by sec. 1063, Stats. 1898, but that said affidavits have been signed by said assessors, and the oath in fact administered by the city clerk, but that the jurat had never been signed by said clerk or by any officer; (9) that the evidence does not show that said property was assessed at more than its true value, nor that the assessment exceeded the percentage upon which other personal property of like nature was assessed in said city for the years 1896, 1897, and 1898, nor that the tax was unjust or inequitable; (10) that no tax for the year 1899 was levied or assessed by said city against said estate or said executor or special administrator; (11) that a tax was entered on the tax roll of 1899 against the estate of Charles Otto as follows: For the year 1896, $270; for the

year 1897, $270; for the year 1898, $315,—which tax has not been paid; (12) that a claim to recover said unpaid taxes was filed by the city against the estate of Charles Otto in the county court, and said claim was dismissed.

The court concluded from these facts that the action of the board of review was without authority of law, and that the pretended assessment of a tax based thereon was void; and judgment was entered dismissing the claim, with costs. From this judgment the plaintiff appeals.

For the appellant there was a brief by *J. M. Gooding*, city attorney, and a supplemental brief and oral argument by *O. H. Ecke*, of counsel.

For the respondent there was a brief by *Giffin & Sutherland*, and oral argument by *D. D. Sutherland*.

WINSLOW, J. It was first claimed by respondent that the circuit court acquired no jurisdiction of the appeal from the county court, because the undertaking was defective. The undertaking, after reciting the intention of the city to appeal, proceeded as follows:

"Now, therefore, we, the city of *Fond du Lac*, of said county, and W. H. Coughlin and T. E. Ahern, of said city, do undertake, in the sum of $250, that said city of *Fond du Lac* will diligently prosecute its appeal to effect, and to pay all damages and costs which may be awarded against him on such appeal.

"Attest:            J. B. BECHAUD,
     F. A. BARTLETT,          Acting Mayor.
         City Clerk.         W. H. COUGHLIN,
                         T. E. AHERN."

It is claimed that this is not the obligation of the city, but simply the personal obligation of Bechaud and Bartlett; that, in order to bind the city, it should have been signed, "THE CITY OF FOND DU LAC, by J. B. Bechaud, Acting Mayor." This contention cannot be sustained. While the method suggested would doubtless have been a technically correct method

of execution of a corporate obligation, it is now well settled that, where it appears in the body of the instrument that the corporation is the grantor or obligor, then the instrument is well executed by the corporation if signed simply with the signature of the proper officer or officers, with his or their official title or titles; and, indeed, this method is now almost universally used. 4 Thompson, Corp. § 5090; Devlin, Deeds, § 335; *Haven v. Adams,* 4 Allen, 80; *Morris v. Keil,* 20 Minn. 531.

Proceeding to the merits of the case, the question is presented whether, under sec. 1059, Stats. 1898, as amended by ch. 50, Laws of 1899, taxes upon personal property which have been omitted during previous years may be assessed and recovered against the estate of the deceased owner, under the circumstances shown in this case. It was held in *State ex rel. Davis & S. L. Co. v. Pors,* 107 Wis. 420, that personal property omitted in one year may be assessed in the following year, under sec. 1059 aforesaid, notwithstanding the fact that it has passed out of the ownership of the person assessed, or out of existence. A different case, however, is here presented. The property here under consideration is property which must be assessed in the assessment district where the *owner* resides. Stats. 1898, sec. 1040. It must be assessed as of the 1st day of May in the year in which the assessment is made. Stats. 1898, sec. 1033. It must also be assessed to the owner, save as provided in sec. 1044. If in the hands of an executor or administrator on the 1st of May, it must be assessed to such executor or administrator. In but one case can it be assessed to the estate of the deceased owner, and that is when no executor or administrator has been appointed before the 1st day of May. In the present case the fact is undisputed that before the 1st day of May, 1899, one Estabrooks had been appointed special administrator of the estate, and was in possession of the property of the estate at that date. A special administrator is doubtless an administrator, within the mean-

ing of the word as used in sec. 1044. *Hayden v. Roe,* 66 Wis. 288. In this case, therefore, the contingency had not arisen which allows the property to be assessed to the estate. There was an administrator duly appointed on the 1st day of May, and the property must be assessed to that administrator. But the administrator did not reside in the city of *Fond du Lac.* He resided in another assessment district. Therefore the city could make no assessment against him of property which must be assessed at the residence of the owner. The conclusion seems inevitable that the city could not make the reassessment attempted in this case. It could not assess the administrator, because he was a nonresident. It could not assess the estate, because there was an administrator in possession on the 1st day of May.

*By the Court.*—Judgment affirmed.