## BICKHART v. HENRY

[No. 9,475.   Filed May 9, 1917.   Rehearing denied January 11, 1918.
Transfer denied April 25, 1918.]

1.   CORPORATIONS.—*Conveyances.*—*Form and Sufficiency.*—*Signing.*·
—A warranty deed naming a corporation as grantor and recit-
ing that the corporation, "by its president," naming him, "has
hereunto set its hand and seal" and signed by "O. S. C.,
President," is the deed of the corporation, and, though it would
have been technically correct to have signed the name of the
corporation "by" the proper officer, this was not necessary to
make the conveyance effective.   p. 496.

2.   CORPORATIONS. — *Conveyances.* — *Authority of President.* — The
president of a corporation merely by virtue of his office is not
authorized or does not have the power to execute a deed on
behalf of the corporation.   p. 499.

3.   CORPORATIONS. — *Conveyances.* — *Authority of President.* — *Pre-
sumptions.*—Where a deed naming a corporation as grantor was
signed by its president, who affixed the corporate seal, and there
was nothing to indicate that the president had proceeded with-
out authority, it will be presumed that he had authority to
execute the deed, in view of §4046 Burns 1914, §3002 R. S. 1881,
providing that corporations may elect all necessary officers and
define their duties, and since there is no statute making it the
specific duty of any certain officer to execute conveyances in
behalf of a corporation.   p. 499.

From Rush Circuit Court; *Clarence E. Weir,* Special Judge.

Action by Charles S. Henry against Christopher J. Bickhart. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Clarence W. Nichols, Frank J. Hall* and *George W. Campbell,* for appellant.

*John H. Kiplinger* and *Donald L. Smith,* for appellee.

CALDWELL, J.—This action in ejectment was brought by appellee against appellant to recover the possession of certain described real estate situate in the city of Rushville, and damages for its detention. The complaint is in the usual short form. The answer is a general denial. A trial before a special judge resulted in a general finding and judgment in favor of appellee, that he is the owner and that he have possession of the land. Damages were awarded him in the sum of $195.

From a consideration of all the briefs, we are able to determine that the crucial point in the case is the question of the validity and effectiveness of a certain deed, which on first view appears to have been executed by the Rushville Milling Company, purporting to convey the lands involved to James W. White. To understand the relation of such deed to appellee's chain of title, a statement of the facts, as shown by the evidence, is essential. It was stipulated in the record that on June 22, 1903, Clark was the owner in fee of the lands involved. Documentary evidence to the following effect was introduced: A warranty deed, dated June 22, 1909, executed by Clark and wife to the Rushville Milling Company; a warranty deed,

dated May 31, 1910, executed by the Rushville Milling Company to James W. White, being the deed respecting which there is controversy; a warranty deed dated November 19, 1910, executed by James W. White, unmarried, to appellant. Each of said deeds described as lands conveyed the real estate involved here. There was introduced in evidence, also, two mortgages executed by appellant and wife, each of which described as mortgaged the lands in controversy here: first, a mortgage to James W. White, dated November 19, 1910, and securing the payment of $2,500; second, a mortgage to Owen L. Carr, dated November 29, 1910, purporting to indemnify the mortgagee as security in a sum not exceeding $3,000. There was introduced, also, a decree of foreclosure entered by the Rush Circuit Court in a proceeding brought by the Rushville National Bank against appellant and other proper defendants to foreclose both the foregoing mortgages. The decree declared the foreclosure of the mortgages, and directed the sale of the lands and the proper distribution of the proceeds. Other documentary evidence was introduced, disclosing the sale of the real estate on said decree, its purchase by Carr, the issuing to him of a certificate of sale, dated November 4, 1912, its assignment to appellee on August 9, 1913, and the execution of a sheriff's deed to appellee on November 4, 1913. There was introduced in evidence, also, a deed executed by appellant and wife to James W. White, dated August 9, 1911, and also a deed executed by White and wife to appellee, dated August 9, 1913. Each of the two deeds last mentioned described as conveyed the lands involved in this action, except a small tract out of the northwest corner thereof.

Assuming for the present that the evidence disclosed title in appellee, there was other evidence that he was entitled to possession of the lands described in the complaint, and that appellant was unlawfully detaining such possession from him. The evidence was sufficient to show title in appellee, aside from the two deeds last mentioned, if the said deed apparently executed by the Rushville Milling Company was valid and effective. This proposition appellant does not controvert, but contends, however, that such deed was ineffective to convey title to the grantee named therein. Said deed reads as follows:

> "This indenture witnesseth, That the Rushville Milling Company of Rush County, in the State of Indiana, convey and warrant to James W. White, of Marion County, in the State of Indiana, for and in consideration of four hundred ($400.00) dollars, the receipt of which is hereby acknowledged, the following described real estate in Rush County, in the State of Indiana, to-wit: Commencing at the southeast corner of lot number five (5) in the original plat of the town, now city of Rushville, Indiana; thence west on the south line of said lot eighty and one-half (80½) feet; thence south eight (8) rods to the center of Flatrock River; thence east three hundred eleven and one-half (311½) feet parallel with the south line of lots three (3) and four (4) in the original plat of Rushville; thence north eight (8) rods to the northeast corner of lot three (3); thence west to the beginning, except that part of real estate situated west of Morgan street, the dimensions being eighty and one-half (80½) feet east and

west and eight (8) rods north and south. Reserving the right for the water to flow undisturbed in said mill race and through the grounds hereby conveyed so long as the Rushville Milling Company or its successor or assigns shall continue to use said water power in any way.

"In witness whereof, the said Rushville Milling Company, by its president, Owen L. Carr, has hereunto set its hand and seal this 31st day of May, 1910.

"(Seal) Owen L. Carr, President."

The deed contains a proper certificate of acknowledgment.

If said deed was effective to convey to the grantee named therein the Rushville Milling Company's title to the lands described, then appellee's title is not questioned. It is appellant's position, however, that such deed did not convey title. As we interpret appellant's contention, it is to the effect: first, that the deed discloses on its face that it is in form Carr's individual deed rather than the deed of the milling company, and hence that title remains in the latter; second, assuming that the deed evidences an intention to convey the milling company's title, that it is not sufficient to accomplish such purpose, since it was executed only by Carr as president, and that the president of a corporation by virtue of his office is not clothed with power to convey the real estate of the corporate body of which he is an executive officer, and that there is nothing to indicate that in the special transaction such power had been conferred on him.

It will be observed that the deed recites that it is the Rushville Milling Company that conveys and war-

rants,. and that it reserves a certain right of flowage, and that it is the milling company that sets its hand and also its seal by its president. In addition, Carr in the act of signing the instrument and in acknowledging it characterizes himself as president of the milling company.

It is contended that if the deed under consideration were intended to be the deed of the corporation, the signature should have been in the form: "Rushville Milling Company, By ———," inserting the name and title of the proper and authorized officer who affixed the signature of the corporation. While such form of signature is both logically and technically correct, it is not exclusively so.

In *City of Fond du Lac* v. *Estate of Otto* (1902), 113 Wis. 39, 88 N. W. 917, 90 Am. St. 830, where a like contention was made, the court said: "This contention cannot be sustained. While the method suggested would doubtless have been a technically correct method of execution of a corporate obligation, it is now well settled that, where it appears in the body of the instrument that the corporation is the grantor or obligor, then the instrument is well executed by the corporation if signed simply with the signature of the proper officer or officers, with his or their official title or titles." See, also, *Armstrong, Admr.*, v. *Kirkpatrick* (1881), 79 Ind. 527, and cases; *Coaling Coal, etc., Co.* v. *Howard* (1908), 21 L. R. A. (N. S.) 1051, note 1061; *Hutchins* v. *Byrnes* (1857), 9 Gray (Mass.) 367; *Nolen* v. *Henry* (1914), 190 Ala. 540, 67 South. 500; *Sherman* v. *Fitch* (1867), 98 Mass. 59; *Ismon* v. *Loder* (1904), 135 Mich. 345, 97 N. W. 769; 2 Cook, Stockholders (3d ed.) §722, note 1.

We conclude that the deed in form is the deed of the

corporation. As we have said, the deed in its body purports to be the deed of the corporation, and its attesting clause recites that it is signed by the corporation, and that its seal is affixed. We regard these circumstances as controlling in the absence of any contrary indication.

We are required to consider next the question of the authority of the president to execute the deed in behalf of the corporation. It may be conceded that the president of a corporation by virtue of his office merely is not authorized or does not have the power to execute a deed in its behalf conveying its real estate. However, a corporation can act only through the agency of some officer or other authorized person. There is no statute in this state providing that it shall be the specific duty of any certain officer of such a corporation as the Rushville Milling Company to execute deeds in its behalf. There is a general statute that such a corporation may elect all necessary officers and define their duties. §4046 Burns 1914, §3002 R. S. 1881. Under such statute, the Rushville Milling Company was authorized to make it the general duty of its president to execute deeds in its name under the direction of its governing body. Moreover, there is no reason why the president here may not have been specially authorized to execute the deed under consideration. He did execute it so that in form it appears to have been done in behalf of the corporation, and he affixed also the corporate seal. The record discloses nothing to indicate that he proceeded without authority. Possession followed the conveyance. That deed forms a link in appellant's chain of title, as title formerly rested in him. Pursuant to

that deed and others following it, he entered into possession of the lands involved. He executed mortgages on the lands, a deed executed on the foreclosure of which forms a link in appellee's chain of title. There is nothing to indicate that the milling company is questioning the authority of its president as apparently exercised in the executing of the deed involved here. Aside from all questions of estoppel which possibly may also be invoked under the circumstances here, the authority of the president to execute the deed should be presumed. See the following: *Ellison* v. *Branstrator* (1899), 153 Ind. 146, 54 N. E. 433, and cases; *Hawkins, Rec.,* v. *Fourth Nat. Bank, etc.* (1897), 150 Ind. 117, 125, 49 N. E. 957; *National State Bank, etc.* v. *Vigo Co. Nat. Bank* (1895), 141 Ind. 352, 40 N. E. 799, 50 Am. St. 330; *Indiana, etc., Asphalt Co.* v. *Robinson* (1901), 29 Ind. App. 59, 63 N. E. 797; *Flint* v. *Clinton Company* (1841), 12 N. H. 430; *Gorder* v. *Plattsmouth Canning Co.* (1893), 36 Neb. 548, 54 N. W. 830; Angell and Ames, Corp. (11th ed.) §224; 10 Cyc 1003, and cases; *Morse* v. *Beale* (1886), 68 Iowa 463, 27 N. W. 461; 2 Thompson, Corp. (2d ed.) §1462.

Judgment affirmed.

NOTE.—Reported in 116 N. E. 15. Corporations: implied powers of the president of a corporation, 81 Am. Dec. 137; power of the president of a corporation to sell or mortgage corporate property, see 19 Ann. Cas. 623. As to presumption that contract executed by president of corporation is authorized by corporation, see Ann. Cas. 1917A 360. See under (1) 10 Cyc 1013; (3) 10 Cyc 1003.