UNITED STATES of America,
Appellant,

v.

ARNOL & MILDRED SHAFER
FARMS, INC., Appellee.

Civ. No. S 89–377.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 29, 1989.

**606**

Orest S. Szewciw, Hammond, Ind., Clifford D. Johnson, South Bend, Ind., for appellant.

David R. Krebs, Indianapolis, Ind., for appellee.

## MEMORANDUM OPINION AND ORDER

ALLEN SHARP, Chief Judge.

In this action the United States of America, on behalf of its agency, the Farmers Home Administration (FmHA), appeals from a final order of the Bankruptcy Court. The two issues presented are (1) whether the Bankruptcy Court erred in determining that the mortgage of FmHA fails to provide constructive notice to a debtor-in-possession having the status of a bona fide purchaser under Indiana law and for purposes of 11 U.S.C. § 544; and (2) whether the Bankruptcy Court's further finding—that Aetna Finance Company's mortgage is a second lien—is contrary to 11 U.S.C. § 551. Pursuant to 28 U.S.C.

§ 158(a), this court has jurisdiction over the United States's petition for judicial review.

### I.

The relevant facts are not in dispute. On January 7, 1987, Arnol & Mildred Shafer Farms, Inc. (Shafer, Inc.), the debtor-in-possession, filed its Complaint to Determine the Nature, Extent and Priority of Liens on certain real property that represents the sole asset of Shafer, Inc.[1] The parties' stipulation of facts—filed and agreed to by Shafer, Inc., and Defendants (Aetna Finance Company, d/b/a ITT Financial Services–Commercial Division, d/b/a Thorp Credit (Aetna); Peru Trust Company (Peru Trust), and United States of America through the FmHA)—provides as follows:

[1.] Shafer, Inc., initiated its Petition for Reorganization on May 10, 1986, and has remained a Debtor-in-Possession since that date.

[2.] The major asset of the bankruptcy estate of Shafer, Inc., consists of real estate of approximately 370 acres (hereinafter "Premises").

[3.] Peru Trust, FmHA, and Aetna each asserts an interest in the Premises by virtue of their respective mortgages.

[4.] On January 7, 1987, Shafer, Inc., initiated its Complaint to Determine the Nature, Extent and Priority of Liens against the above-named Defendants.

[5.] As to the mortgage of Peru Trust, the parties stipulate as follows:

a. The mortgage of Peru Trust is a valid and properly perfected mortgage;

b. The mortgage of Peru Trust constitutes a first mortgage on a portion of the Premises consisting of approximately 32.48 acres;

c. The mortgage of Peru Trust secures an indebtedness as of April 15, 1987, in the principal amount of $4,792.10 together with interest at the rate of $1.15 per day thereafter until paid in full and attorney fees and legal expenses of $885.00.

[6.] As to the mortgage of FmHA, the parties stipulate as follows:

---

1. Shafer, Inc., filed its amended complaint on September 9, 1987.

a. The mortgage of FmHA is authentic and genuine;

b. The mortgage of FmHA secures an indebtedness of Shafer, Inc., as of February 13, 1987, in the principal amount of $398,192.85 together with accrued interest of $244,847.42 with interest accruing thereafter at the rate of $120.0033 per diem; and

c. The validity of the mortgage of FmHA is at issue because of alleged defects in form and execution, thereby failing to satisfy the requirements of Indiana law.

[7.] As to the mortgage of Aetna, the parties stipulate as follows:

a. Aetna's mortgage constitutes a valid mortgage against the Premises; and

b. The mortgage of Aetna secures an outstanding debt as of May 23, 1985, in the amount of $393,104.43 plus accrued interest at the post-maturity rate of 24% per annum and additional charges pursuant to the note's terms.

In an opinion issued July 13, 1989, 102 B.R. 712, the Bankruptcy Court determined that Peru Trust and Aetna hold first and second mortgages, respectively, on the Premises in controversy; and that the mortgage of FmHA is invalid as to Shafer, Inc., due to defects in form, execution, and acknowledgment. Accordingly, the Bankruptcy Court granted Shafer, Inc.'s Complaint. The United States of America appeals that determination. For reasons described herein, this court REVERSES the opinion of the Bankruptcy Court and ORDERS that the FmHA mortgage is a valid mortgage on the Shafer, Inc., real estate.

## II.

In an appeal from a bankruptcy court's decision, a district court applies two different standards of review: one for findings of fact; the other for conclusions of law. *In the Matter of Busick*, 65 B.R. 630, 632 (N.D.Ind.1986); *In re Tesmetges*, 47 B.R. 385, 388 (E.D.N.Y.1984). The Federal Rules of Bankruptcy Procedure provide the relevant standard of review when the appellant alleges errors of fact. Rule 8013

dictates that "findings of fact shall not be set aside [by the district court] unless clearly erroneous." *See also In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

The relevant standard of review for conclusions of law also is governed by Rule 8013, which provides the district court with the discretion to "affirm, modify, or reverse" the bankruptcy court's legal conclusions. *See also In the Matter of Evanston Motor Co.*, 735 F.2d 1029, 1031 (7th Cir. 1984). When a bankruptcy judge's conclusions are challenged, the district court must make a de novo review and may overturn the findings if they are contrary to law. *Busick*, 65 B.R. at 632; *Tesmetges*, 47 B.R. at 388.

Having found the Bankruptcy Court's factual findings not clearly erroneous, this court proceeds to review independently the Bankruptcy Court's conclusions of law.

## III.

11 U.S.C. § 544, also called the "strong arm clause," permits a trustee or debtor-in-possession to avoid an "obligation incurred by the debtor that is voidable by ... a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected ... whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3). Thus, the debtor-in-possession may avoid an obligation if the creditor failed to comply with the applicable recording statute (here, Indiana law) the provisions of which are to ensure that bona fide purchasers are provided constructive notice of the existence of a mortgage.

In Indiana a bona fide purchaser is one who buys in good faith for value and without notice of prior interests in the property. *In re Herr*, 79 B.R. 793, 798

(Bankr.N.D.Ind.1987), citing Indiana Law Encyclopedia, *Sales of Realty*, § 102 at 341. The express language of § 544(a) provides that the actual notice of the debtor-in-possession is irrelevant. Thus, a creditor who seeks to counter the debtor-in-possession's efforts to avoid an obligation must show that the debtor-in-possession had constructive notice as determined by applicable state law.

■ Under Indiana law a mortgage gives constructive notice of its existence to subsequent purchasers if it is properly acknowledged and recorded. *C. Callaghan Co. v. Lafayette Consumers Co.*, 102 Ind. App. 319, 2 N.E.2d 994, 1000 (1936). Constructive notice may be implied where a proper examination of the record would have led a reasonable man to conclude that the property to be mortgaged was subject to a prior encumbrance. 20 Indiana Law Encyclopedia *Mortgages* § 108 at 96–97, citing, *inter alia, Mishawaka–St. Joseph Loan & Trust Co. v. Neu*, 209 Ind. 433, 196 N.E. 85 (1935).

### Validity of the Mortgage

■ In its Complaint to Determine the Nature, Extent and Priority of Liens, Shafer, Inc., argued that the mortgage of FmHA is invalid under Indiana law because of defects in form, execution, and acknowledgment.

### 1. Form

Shafer, Inc., alleged that the mortgage incorrectly identifies the mortgagor as "Arnol and Mildred Shafer Livestock Farms, Inc." rather than "Arnol and Mildred Shafer Farms, Inc.," the true corporate entity. Plaintiff thus insists that the addition of the word "livestock" misnames the mortgagor and thereby fails to provide constructive notice to a subsequent bona fide purchaser, rendering the mortgage invalid.

The Bankruptcy Court determined that, due to the relative similarity of the names, a reasonably diligent search by a bona fide purchaser would have revealed the mortgage recorded in the name of Arnol & Mildred Shafer Livestock Farms, Inc. Appellant does not challenge this conclusion,

and this court agrees that the variation in the form of the mortgage is insufficient to nullify the constructive notice provided by recording the mortgage or to render the mortgage invalid under § 544 as to Shafer, Inc.

### 2. Execution

■ Shafer, Inc., contended the mortgage is invalid because Arnol and Mildred Shafer executed the mortgage in their individual, rather than corporate, capacities. Next to the Shafers' handwritten signatures, the designations "Pres." and "Treas.," respectively, also appear in handwriting. The Shafers' names are typed just below their handwritten signatures. Shafer, Inc., argued that, had the Shafers intended to execute the mortgage on the corporation's behalf, the proper corporate name should have appeared by their signatures. This court disagrees. While this form would have been entirely appropriate, it is not the exclusive method by which a corporation may execute a document. *Bickart v. Henry*, 67 Ind.App. 493, 116 N.E. 15, 16 (1917).

■ The Bankruptcy Court addressed the issue of corporate execution by applying the *Bickart* case. The *Bickart* court, adopting the position of the Wisconsin Supreme Court in *City of Fond Du Lac v. Otto's Estate*, 113 Wis. 39, 88 N.W. 917 (1902), determined that, even with the corporate name omitted, an instrument is properly executed by the corporation "where it appears in the body of the instrument that the corporation is the grantor or obligor ... [and the instrument is] signed simply with the signature of the proper officer or officers, with his or their official title or titles." *Bickart*, 116 N.E. at 16.

In *Bickart* the court found the deed properly executed where the instrument in its body purported to be that of the corporation, where its attestation clause recited that it was signed by the corporation, and where its seal was affixed. The court indicated that, in the absence of any contrary indication, the presence of these factors was controlling. *Id.*

The Bankruptcy Court distinguished the present case from *Bickart*. The Court noted that, unlike the single error in *Bickart* (failure to recite the corporation's name by the officer's signature), here additional errors within the mortgage (flaws in the form and acknowledgment) created confusion as to whether the officers (Shafers) signed in the corporation's or their own behalf. However, rather than applying the law articulated in *Bickart* to these facts, the Bankruptcy Court chose the conservative course of not dispositively deciding the validity of the mortgage solely on this basis. Instead, the Court proceeded to consider the effect of the flawed acknowledgment on the recorded mortgage's constructive notice to bona fide purchasers.

This court prefers the more presumptuous course of directly addressing the issue and finds the execution of the mortgage to satisfy the three *Bickart* requirements:

(1) The instrument in its body purports to be that of the corporation:

The introductory sentence of the mortgage provides:

THIS MORTGAGE is made and entered into by Arnol and Mildred Shafer Livestock Farms, *Inc.* ... herein called *"Borrower"* ... (emphasis added).

(2) The instrument's attestation clause recites that it is signed by the corporation, which is satisfied under *City of Fond Du Lac* where the instrument is signed by the proper officer(s) with his or their official titles; and

(3) The corporation's seal is affixed:

The sentence preceding the signature line reads:

IN WITNESS WHEREOF, *Borrower* has hereunto set *Borrower's* hand(s) and *seal(s)* this 14th day of November, 1980 (emphasis added).

-and-

The mortgage is signed as follows:

/s/ <u>Arnol Shafer, Pres.</u> (SEAL)
      Arnol Shafer

/s/ <u>Mildred Shafer, Treas.</u> (SEAL)
      Mildred Shafer

### 3. Acknowledgment

Finally, Shafer, Inc., argued that the FmHA mortgage is invalid because the acknowledgment improperly refers to the Shafers as husband and wife, rather than corporate officers, and thus fails to comply with Indiana law. Ind.Code § 32–1–2–18 requires a mortgage to be acknowledged before it may properly be recorded. Accordingly, a mortgage which is recorded without being duly acknowledged provides constructive notice to no one. *Haverell Distributors, Inc., v. Haverell Mfg. Corp.,* 115 Ind.App. 501, 58 N.E.2d 372, 375 (1944). The proper form of an acknowledgment is prescribed by Ind.Code § 32–1–2–23, which provides:

The following or any other form substantially the same, shall be a good or sufficient form of acknowledgment of any ... mortgage:

"Before me, E.F. (judge or justice, as the case may be) this ___ day of ___, A.B. acknowledged the execution of the annexed ... mortgage."

Ind.Code Ann. § 32–1–2–23 (West 1979). Because the statute does not set forth the appropriate form of a corporate acknowledgment, courts tend to construe such acknowledgments rather liberally. *Haverell,* 58 N.E.2d at 374. The *Haverell* court, nevertheless, found the corporate acknowledgment in that case inadequate. The court held that, "[s]ince the certificate, read in connection with the instrument, does not identify the acknowledgor with the mortgagor ... [c]orporation, in an official or representative capacity, or otherwise, we must hold it insufficient to evidence acknowledgment by that corporate entity." *Id.* at 375.

In the present case the certificate of acknowledgment states that "Arnol Shafer and Mildred Shafer, husband and wife[,] acknowledged the execution of the annexed mortgage." The acknowledgment makes no reference to the Shafers acting as corporate officers. Instead, the acknowledgment suggests that the Shafers, perhaps unwittingly, executed the mortgage as tenants by the entirety. The Bankruptcy

Court found this error, especially when considered in light of the other flaws within the instrument, the *coup de grace* to the mortgage's validity.

The United States counters that *Haverell*, properly read, actually supports the government's position that the acknowledgment is proper and the mortgage valid. In *Haverell* the mortgage was executed by, among others, an individual *and* the corporation for which that individual served as president. The appellant points out, quite correctly, that the *Haverell* court found the instrument inadequate as to the corporation because only the individual's signature appeared in the acknowledgment. Even construing the instrument liberally, the *Haverell* court could not determine by reference to the entire document that the individual acknowledged the mortgage for the corporation as well as himself.

This case presents a different situation, however. Here, only a single grantor, Shafer, Inc., executed the mortgage. Because there is only one grantor, even when two natural persons, Arnol and Mildred Shafer, acknowledged the execution of the mortgage, there can be little doubt on which grantor's behalf they acknowledged the instrument. This court does not view *Haverell* to stand for the simple proposition that a reviewing court need examine only the acknowledgment line and determine whether anything therein links the acknowledgor(s) with the mortgagor(s). Rather, the court believes *Haverell* to require a more broad scrutiny of the entire document to ascertain whether the "certificate [of acknowledgment], *read in connection with the [mortgage] instrument ...* identif[ies] the acknowledgor with the mortgagor ..." (emphasis added). *Haverell*, 58 N.E.2d at 375.

An examination of the entire mortgage reveals a single corporate grantor; a mortgage signed by representatives of the corporation, as evidenced by the corporate titles next to the individuals' respective names; and an acknowledgment signed by the same individuals, both of whom happen to be designated as husband and wife. The court finds that the lack of any direct reference in the acknowledgment to the corporate grantor is insufficient to render the mortgage invalid, as long as the acknowledgor is identified with the grantor elsewhere in the instrument. Accordingly, the court determines that the acknowledgment is not so flawed as to render the entire mortgage invalid.

Viewing this document as a whole, the court also determines that, under Indiana law, a bona fide purchaser of the property would be put on notice of the existence of this debtor's mortgage and had a duty to inquire further of its validity as to FmHA. Thus, the court finds that the mortgage sufficiently complies with the requirements of the Indiana recording statutes and is, accordingly, valid as to Shafer, Inc. This holding obviates the need to address appellant's second issue concerning 11 U.S.C. § 551.

The court recognizes and regrets the troubling implications of its decision. The holding will likely cause the brunt of complying with the state's recording statutes to fall more heavily on innocent purchasers diligently searching the record for real estate encumbrances; and it may well encourage the kind of inexcusably careless legal drafting demonstrated in the preparation of the mortgage at issue here. But a district court's role is not to dictate to the State of Indiana what ought to be its policy in this regard. That function lies exclusively with the state's courts and its legislature. This court must simply discern and apply what it believes to be the edicts of Indiana law. The court has done no more than that here.

REVERSED. IT IS SO ORDERED.