## INDIANA BERMUDEZ ASPHALT COMPANY v. ROBINSON.

[No. 3,597.    Filed May 2, 1902.]

BROKERS.—*Sales.*—*Contracts.*—A seller can not avoid liability to an agent for commission for the sale of property consisting of real estate, brick works, contracts for doing street paving, tools and appliances for such work, contracts for the purchase of material, and for the use of certain processes for paving streets, on the ground that the contract was not carried out because the purchaser demanded that it be indemnified against the result of certain injunction suits relating to the paving contracts of which it had no notice at the time the contract was entered into. *pp. 59-61.*

CORPORATIONS.—*Contracts.*—A contract may be entered into by a corporation without formal vote or written entry thereof, where the directors are all present and assent to the contract. *p. 61.*

From Marion Superior Court; *Vinson Carter*, Judge.

Action by Royal Robinson against the Indiana Bermudez Asphalt Company for commission for the sale of property. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*B. K. Elliott, W. F. Elliott* and *F. L. Littleton*, for appellant.

*V. G. Clifford, W. F. Browder* and *W. S. Moffett*, for appellee.

ROBY, J.—This appeal is taken from a judgment for appellee upon a complaint wherein he claimed commission for promoting the sale of certain property for appellant under an alleged verbal contract with it.

The appellant's president testified that he told appellee, "If you will get the brick plant in on this, and the trade goes through, we will give you $500." Appellee testified that

the proposition was to pay "four or five hundred dollars if you can organize a company and effect the sale of this property." Appellant thereafter submitted a written proposition by which it proposed to sell the property to a person procured by appellee for $30,000, stipulating that the proposition should be void unless accepted by four o'clock p. m. of the following day. Within that time the person to whom it was made accepted the same, making and signing an indorsement to that effect. A complete and enforceable contract was thereby created.

The property sold consisted of real estate, brick works, contracts for doing street paving, tools and appliances for such work, contracts for the purchase of material, and for the use of certain processes for paving streets, in which business appellant was engaged. The property and rights sold were designed to enable the purchasers to do street paving outside the larger cities of the State, appellant intending to restrict its operations in the same line to them. Appellant, after some interval, during which the purchaser incurred expense and inconvenience on faith of the contract, refused to carry it out, its only reason therefor being that the purchaser demanded to be indemnified against the result of certain injunction suits, of which he had not been notified, and which were not referred to in the contract, such suits having relation to certain paving contracts which were to be assigned to him. It now denies liability for the payment of the agreed commission upon the ground, among others, that appellee did not "effect a sale," and that the sale did not "go through."

An agent who undertakes to sell for a commission is not required to place the parties in such position as that the contract is susceptible of legal enforcement between them. He is entitled to claim the commission when he finds a purchaser who is ready, willing, and able to buy. *McFarland* v. *Lillard*, 2 Ind. App. 160, 50 Am. St. 234; *Wilson* v. *Dyer*, 12 Ind. App. 320; *Rabb* v. *Johnson*, 28 Ind. App.

665; *Miller* v. *Stevens,* 23 Ind. App. 365; *Lockwood* v. *Rose,* 125 Ind. 588.

The proposition to sell, the acceptance of which by the party to whom it was directed has been referred to as constituting a contract, was signed in the name of the appellant corporation by its secretary and treasurer. Its board of directors consisted of three persons, one of whom was president, one vice president, and one secretary and treasurer. It appears that the entire board participated in the transaction, and that the signature was made in accordance with custom, and without objection by any member.

When the directors of a private corporation are all present and assent to the execution of a contract, this is sufficient, and a written contract may be entered into without formal vote or a written entry thereof by the directors. 2 Cook on Corp., §14, and note.

The proposition did not contemplate the sale of all appellant's property, as is assumed, but was restricted to the sale of a portion thereof, apparently to the corporate advantage. It was one which the directors might, in the exercise of business discretion, make, and the written proposition was one they might properly have authorized the secretary to sign. The presumption, therefore, is that its execution was authorized unless the contrary is made to appear. *Ellison* v. *Branstrator,* 153 Ind. 146; *Hawkins* v. *Fourth Nat. Bank,* 150 Ind. 117; *National State Bank* v. *Vigo County Nat. Bank,* 141 Ind. 352, 50 Am. St. 330; *Smith* v. *Wells Mfg. Co.,* 148 Ind. 333.

The instructions given by the court were more favorable to appellant than it had a right to ask. A new trial will not be granted to it for that reason.

Judgment affirmed.

Black, Henley, Robinson, and Wiley, JJ., concur.

Comstock, C. J., absent.