[No. 3328.]

## Gold Glen Mining, Milling and Tunneling Co. v. Dennis

1. CORPORATIONS—*Record of Directors—Formality Not Required.* The record of the proceedings of the directors of a corporation, recognizing a claim made against it by one of the promoters, then in litigation, held sufficient to warrant the issuance of a promissory note for the amount, though no resolution to that effect was put or carried.

2. —— *Promissory Notes—Authority to Execute—Presumption.* One who in the usual course of business, before its maturity, and for value, accepts a promissory note subscribed with the name of a corporation, by its principal officers, without notice of

any want of authority in such officers, may. assume that their action was duly authorized.

The paper itself is *prima facie* evidence of such authority, and sufficient, where the corporation, in an action thereon has opportunity, and fails to disprove it.

3. EVIDENCE—*Corporate Records—Evidence to Identify.* Where a book alleged to contain the minutes of a corporation is offered in evidence against it, less particularity is required in the evidence to identify the book as a corporate record, than when offered in behalf of the corporation itself.

A book containing what purported to be minutes of corporate action, subscribed by the principal officers of the defendant corporation, was handed by counsel for the corporation to counsel for the plaintiff, during the trial, "as the minutes of the company." It was held thus sufficiently identified.

4. CORPORATE CONTRACTS—*Signature.* A promissory note subscribed

"For the Gold Glen Mining Co.
.                               D. C. Miller, President."

held, in form, the note of the corporation, and not merely the individual act of the officer.

5. PLEDGE—*Action by Pledgee—Amount of Recovery.* Pledgee of a promissory note may have an action thereon for the full amount thereof. If the maker established a defense, as against the payee, the pledgee recovers only the amount due him and for which he holds the note in pledge.

6. PARTIES—*Necessary Parties Defendant.* If in an action by pledgee upon a promissory note, the maker would assert a defense as against the payee, and thus limit the recovery to the pledgee's interest, he must bring in the payee.

7. EVIDENCE—*Presumptions.* Possession of a promissory note not cancelled, nor extinguished by any endorsement of payment, or otherwise, is *prima facie* evidence of ownership.

8. TRIAL—*Exclusion of Evidence—Effect.* In an action upon a promissory note by pledgee against maker, the promissory note for securing which that which is the ground of action had been pledged, was offered in evidence and excluded. Held that this ruling in no wise justified the assumption that proper evidence to establish a defense to the original note—thus reducing the pledgee's recovery to the amount of his interest—would have been excluded.

*Appeal from Denver District Court.* HON. HARRY
C. RIDDLE, Judge.

Messrs. WILLIAMS & MONTGOMERY, Mr. F. J.
KNAUSS, for appellant.

Mr. MEL EMERSON PETERS, Mr. HALSTED L. RIT-
TER, Mr. HAMLET J. BARRY, for appellee.

CUNNINGHAM, J.

Appellee, plaintiff below, brought her action
against appellant in the county court of the City
and County of Denver, on a certain promissory note
for $690.00.   From an adverse judgment The Gold
Glen Mining, Milling and Tunneling Company (here-
inafter referred to as the mining company, or as
defendant), appealed the case to the district court,
where again judgment went against it for the full
amount of the note with interest, from which judg-
ment defendant brings this case here on appeal.
The case was tried to the court without a jury.

The substantial facts are: the defendant exe-
cuted and delivered its promissory note for $690
to A. S. Dennis, the husband of plaintiff, who trans-
ferred the note to plaintiff before maturity.   Prior
to the institution of suit, A. S. Dennis died.   The
note sued upon is in words and figures as follows,
to-wit:

"$690.00.          Denver, Colo., March 9th, 1904.

Twelve months after date, for value received,
we promise to pay to the order of A. S. Dennis six
hundred and ninety and no-100 dollars, at the In-

ternational Trust Co., Denver, with interest at the rate of six per cent per annum from date until paid.

For the Gold Glen Mining, M. & T. Co.

D. C. Miller, President.

R. H. Vaughan, Secretary.

(Endorsed:) A. S. Dennis.

Assigned to Victor H. Thompson as collateral for my note, $300.00, bearing interest at 12 per cent per annum and dated April 19th, 1904.

A. S. Dennis.

Without recourse.

Victor H. Thompson,

Mary Thompson.''

On April 19th, of the same year, Mr. Dennis borrowed from Victor H. Thompson $300, for which sum he executed to the said Thompson a promissory note of that date.

1. It is contended here, on behalf of the defendant company, that the note is invalid for the reason (a) that those signing it were without authority in that behalf (b) that the minutes of the company, relied upon by appellee as giving authority for the execution of the note, were not sufficient (c) that the note, on its face, does not purport to be the note of the defendant, but the individual note of Miller and Vaughan, its president and secretary respectively. The minutes of the company, so far as applicable to the transaction, read as follows:

"March 9th, 1904.

"Special meeting of the directors of the G. G. M. M. & T. Co., held at 541 Equi. Bldg., Wed'y March 9th, '04. 12 noon. Present: D. C. Miller, President; I. M. Jones, J. F. Howe, R. H. Vaughan.

That whereas in the early days of the company,

the promoters, A. S. Dennis, J. H. Stimson, Wm. Bucks, and later R. H. Vaughan, in order to carry on the development of the property, advanced from time to time as a loan to the company, various sums of money, and performed certain services for which only part payment was received by them, the balance being still unpaid, leaving at this time amounts due to said parties as follows:

And whereas the said A. S. Dennis is now suing in the courts of Denver for the amount of his claim and interest to date, and the said J. H. Stimson has also placed his claim in the hands of his attorney (M. E. Peters) for suit.

It is proposed that these claims be acknowledged and met by the issuance of notes payable to the respective parties in one year from date, without interest, except in the case of A. S. Dennis, who positively refuses to settle without interest at the rate of 6 per cent per annum, which is hereby conceded.

(Signed)       Sec. I. M. Johns, (Jones)
                                    Chairman.

Claims:

| | |
|---|---:|
| A. S. Dennis | $ 690.00 |
| J. H. Stimson | 316.50 |
| R. H. Vaughan | 297.00 |
| Wm. Bucks | 171.25 |
| Total | $1,474.75 |

A further claim for $50 per year as salary as secretary for the past seven years was then put in by R. H. Vaughan and discussed, but was withdrawn on the promise of the board to consider the matter at a further meeting.

Motion to adjourn.

Attest:                    R. H. Vaughan, Sec'ty.

Approved April 14th, 1904.

J. F. Howe, Treas.

R. H. Vaughan.''

It is apparent that these minutes are not a model, and it is urged that the record no where shows that a resolution was put or carried whereby the same were adopted. By way of preface, let it be borne in mind that the plaintiff was a bona fide holder for value before maturity of the promissory note, which she had acquired in the regular course of business.

As Daniels, in his work on Negotiable Instruments (5th Ed.) at Section 381, well says:

''In the United States cases go to great length in upholding the validity of corporate negotiable instruments.''

In support of this statement, we quote briefly from and cite the following authorities:

''Where the directors were present and consented to the execution of the contract, that is sufficient.''—Cook on Corporations (5th Ed.) Sec. 714.

''A contract may be entered into by a corporation without formal vote or written entry thereof by its directors, where they are all present and assent thereto.''—*Ind. B. A. Co. v. Robinson*, 29 Ind. App. 59; *Merc. Nat'l Bank v. Citizens Gas Co.*, 159 Mass. 505.

In *Mining Co. v. Bank*, 10 Colo. App. 339, it is said:

''It is elementary that as to a negotiable promissory note the legal presumption is that a valid and adequate consideration was given for it. * * *

The same presumption prevails in favor of its lawful execution by a corporation which has power to issue it."—Citing Rand Commercial Paper, Sec. 335.

In the case of *Western Union Tel. Co. v. Eyser,* 2 Colo. 167-8, it is said:

"Acts done by the corporation which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter."

*Jones v. Stoddart,* 8 Idaho 210; 67 Pac. 650, announces the rule in this language:

"It is not necessary for one who claims to be a purchaser of a negotiable note to show a formal resolution of the board of directors directing the president to indorse the note. Especially is this true if it be disclosed by the evidence that the indorsement was verbally authorized by the board, and that the indorsement was for the benefit of the company."

It cannot be contended, under the evidence in this case, that the note was not issued "for the benefit of the company" since the note was given, as appears from the minutes, to settle litigation then pending.

One of the defenses set up in the answer is what is known as the statute of limitations. Courts are not swift in lending their aid to a defense of this sort, and it is manifest that if the defendant should prevail in this case, it would promptly, and could now successfully, raise the statute of limitations as a defense to any action which might be brought upon behalf of Dennis or his estate, on account of any claim which he was urging in the courts at the time the note in question was issued,

and for the settlement of which claims the note here sued upon was given.

We cite the further additional authorities on presumption of official character and authority:

Clark & Marshall on Private Corps. Sec. 682. (1901) ; Cook on Stockholders, 725 (3rd Ed.) ; Daniels Negotiable Instruments, Secs. 386-394; *Mining Co. v. Bank,* 10 Colo. App. 339; Jones on Evidence (2nd Ed.) Secs. 55-6.

There seems to be a growing tendency on the part of the courts to enlarge the power and authority of the principal officers of corporations. Respectable authority will be found to support the contention that when the corporation has power to do an act, (and there is no question of such power in this case) as to execute a negotiable instrument, and such instrument is signed by the principal officers of the company, although the right of the officers to execute the same may depend upon a previous direction of the board of directors, the party taking the same in the usual course of business, for value, before maturity, without notice of the want of authority, has a right to assume that all the presumptive conditions have been complied with.

*Nat'l Bank of the Republic v. Young,* 41 N. J. Eq. 531; *Am. Exc. Natl. Bank v. Oregon Pot. Co.,* 55 Fed. Rep. 265; 2 Morawotz Priv. Corp. Sec. 608 et seq.; *Lloyd & Co. v. Mathews et al.,* 223 Ill. 477; 79 N. E. 172; 7 L. R. A. (n. s.) 376.

This interesting question is thoroughly covered in briefs of counsel, and foot notes, to the Lloyd Co. case, appearing in 7 L. R. A. (n. s.) 376, and in *City Electric St. Ry. Co. v. First Natl. Exc. Bank,* 31 L. R. A. 535, both sides of the question being fair-

ly presented. No decision of our own courts, directly in point, on this question, has been called to our attention, and we have discovered none, but, it appears to us to be a very reasonable and a very salutory rule to hold that commercial paper, when thus executed, should be at least prima facie evidence of authority, where, as in this case, the company was represented in court, and, so far as appears, had every opportunity to disprove the authority of its officers to execute the note sued upon, had the facts enabled it to do so.

2. Defendant further contends that the purported minutes of the company offered in evidence by plaintiff, and set forth above, were not sufficiently identified to warrant their admission. In support of this contention, authorities are cited which clearly sustain counsel's position, had 'the minutes been offered by the company to support its case. Where the minutes of a corporation are offered by its adversary, less particularity in the matter of their identification is required. The minutes offered appeared in a book which, according to the evidence, counsel for the company, during the course of the trial, and in open court, handed to counsel for plaintiff, "as the minutes of defendant company." This is a sufficient identification of the book, surely. To hold otherwise, would permit and invite trifling with the court. The minutes were apparently signed by the chairman, and attested by the secretary, and later signed by the treasurer of the company. The pleadings admit that Miller was the president and Vaughan the secretary of the company. This was sufficient to warrant their intro-

duction, where, as in this case, the minutes were offered against the interests of the company.

3.  It is urged that the form of the note and the manner of its signing indicates that the signers, in their individual capacity, rather than the company, were the makers of the note, and therefore, the paper was not the obligation of the company. Counsel cites but one case to support this contention.—*Bradlee v. Burton Glass Co.,* 16 Pick. 347. The note under consideration in the Bradlee case was substantially different in form from the note sued on here.  In that case the words, "for the company", appear in the body of the note, and immediately following the phrase, "for value received, we, the subscribers, jointly and severally promise to pay" etc.  Justice Shaw's conclusion respecting the note before him in the Bradlee case, turned on this distinction.—Daniels Negotiable Instruments, (5th Ed.) Sec. 401.  The following authorities support the view we take that the form of the note in suit makes it clearly the obligation of the defendant company, in so far as the matter of form goes.

Cook on Corporations, (5th Ed.) § 725, (and cases cited in note); *Rice v. Gove,* 22 Pick. 158; *Turner v. Steven Cattle Co.,* 83 Minn. 243; *Ind. B. A. Co. v. Robinson,* 29 Ind. App. 59; *Lewis v. Mutual Life Ins. Co.,* 8 Colo. App. 368.

There was also extrinsic evidence introduced by plaintiff tending to prove that the note was in fact the obligation of the company, and that it had been issued pursuant to a resolution of the board.  A witness called on behalf of plaintiff testified that Miller, president of the company, delivered the note to him in person on the day of its execution, which

was the day the minutes bore date, and at the time of delivering the note to the witness (who was the attorney for A. B. Dennis, and received the note as such) Miller stated to him that the note had been issued pursuant to a resolution of the board.

4.   It is urged on behalf of defendant that plaintiff's right of recovery was limited to her interest in the collateral note sued upon, or to $300.   This contention is based upon the theory that the company had set up certain facts in its answer, which, if established, would avoid the note, had the suit been brought by the original payee, A. S. Dennis. It can not be disputed that a pledgee on a promissory note may properly bring an action for the full amount thereof, no matter what his interest in that note may be.—*Reed v. First Natl. Bank,* 25 Colo. 380-4.

The maker of the note may properly, in such action, urge any defense against the note which would be good against the original payee.   Under issues thus framed, if the defense set up by way of answer were sustained, plaintiff's recovery would be limited to his interest in the pledge.—*Chicope Bank v. Chapin,* 8 Metc. 40-4; *Stoddard v. Kimball,* 8 Cush. 469.

But, we apprehend, it would be the duty of defendant, if he desired to have such defense litigated in the action brought by the pledgee, to implead the original payee and at the trial go forward with his defensive evidence.   Defendant in this case having done neither, it is difficult to perceive upon what ground it can complain of a judgment for the full amount of the collateral note, where the plaintiff's

proof was sufficient, when uncontradicted, to sustain the same.

6. When cross-examining a witness called by plaintiff, defendant offered in evidence the $300 note, for the purpose, as we understand it, of proving that said note was not indorsed by the original payee. The collateral note taken as security for the $300 note would (as defendant contended) by reason of the failure of A. S. Dennis to indorse the $300 note, be subject to equitable defenses. It was urged on oral argument that the action of the trial court in excluding the $300 note when offered by defendant, clearly indicated that any equitable defense which defendant might have attempted to make against the collateral note, would have been unavailing. This argument is advanced as an excuse for defendant's failure to offer any proof whatever, after plaintiff had rested. The $300 note was properly excluded. The testimony showed that said note was in the possession of plaintiff at the trial, not cancelled or extinguished by any indorsement of payment or otherwise, and that it was unpaid. This in itself made out a prima facie case of ownership.— *Reed v. First Natl. Bank, supra.*

There was also additional evidence showing that Mrs. Dennis was the owner of the note. There was no allegation in the complaint that it had been assigned by indorsement. Further plaintiff admitted in her replication to the amended answer, that she held the note sued upon as collateral security for the $300 note. Hence the admission of the $300 note in evidence could have proven nothing not already or otherwise established. Therefore, the objection made by plaintiff's counsel to its introduc-

tion, viz.: that it was immaterial, was properly sustained, and the ruling of the trial court in this behalf in no wise justifies the assumption that it would have excluded proper evidence, had the same been offered, to support the defenses set up·in the answer against the collateral note, the one sued upon.

The judgment of the trial court will be affirmed.

*Affirmed.*