No. 15,344.

GILL *v.* JUSTICE OF THE PEACE COURT No. 2 OF THE
CITY AND COUNTY OF DENVER ET AL.
(139 P. [2d] 271)

Decided May 17, 1943.    Rehearing denied June 28, 1943.

Mr. ALBERT T. FRANTZ, for plaintiff in error.

Mr. NATHAN H. CREAMER, for defendants in error.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

PLAINTIFF in error, plaintiff below and hereinafter
designated as such, brought this action in the district
court of the City and County of Denver against defend-

ants in error, defendants below and hereinafter so designated, seeking to obtain relief under Rule 106, Rules of Civil Procedure of Colorado.

The pertinent facts are: The Barnum Fuel and Feed Company, whose place of business was in the City and County of Denver, sold goods upon open book account to plaintiff, a resident of Jefferson county, afterwards assigning the account to defendant Haskell, who brought suit in the justice court of defendant Neff, a justice of the peace of the City and County of Denver, upon a balance due which plaintiff had refused to pay. Summons from the justice of the peace court being served upon plaintiff in Denver, he made a special appearance and filed a motion objecting to the jurisdiction of said court, upon the ground that the cause of action accrued in Jefferson county, because his breach of contract, due to his refusal to pay said balance, occurred while he was a resident of that county. His motion being denied, he refused to defend, and judgment was entered against him. He then filed the action with which we here are concerned, seeking to restrain the justice court from exercising jurisdiction. The trial court entering judgment adverse, the matter is here on application for supersedeas, both parties requesting final determination of the cause upon that application.

The statute upon which plaintiff relies is section 14, chapter 96, '35 C.S.A., which provides: "Suit shall be commenced before justices in the township in which the debtor or person sued resides, unless the cause of action accrued in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable."

It is contended by counsel for plaintiff that the refusal of plaintiff to pay while a resident of Jefferson county fixes the place where the cause of action accrued as that county. It is admitted by defendant Haskell that there had been no specific agreement as to where payment of the goods should be made. "As a general rule,

in the absence of any agreement or stipulation to the contrary, a debt is payable at the place where the creditor resides, or at his place of business, if he has one, or wherever else he may be found; and it is ordinarily the duty of the debtor to seek the creditor for the purpose of making payment, * * *." 48 C.J., pp. 592, 593, §8, citing, *Enyart v. Orr*, 78 Colo. 6, 238 Pac. 29; *People v. District Court*, 70 Colo. 540, 203 Pac. 268.

Plaintiff attempts to evade this rule by claiming that he can determine the forum for trial by breaching his contract. This he cannot do. *Lamar Alfalfa Milling Co. v. Bishop*, 80 Colo. 369, 250 Pac. 689.

The judgment is affirmed.