**T. O. BRADBURY and N. B. Burt, Appellants,**

v.

**Frank DENNIS, Appellee.**

**Frank DENNIS, Cross Appellant,**

v.

**T. O. BRADBURY and N. B. Burt, Cross Appellees.**

**Nos. 8229, 8230.**

United States Court of Appeals
Tenth Circuit.

Oct. 25, 1966.

Rehearing Denied Jan. 4, 1967.

Fred M. Winner, Denver, Colo. (Emory L. O'Connell and Robert J. Enochs, Denver, Colo., with him on brief), for appellants and cross appellees.

Robert B. Yegge and Edward Widmann, Denver Colo. (Yegge, Hall, Treece & Evans, Denver, Colo., and Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., with them on briefs), for appellee and cross appellant.

Before PHILLIPS and HICKEY, Circuit Judges, and CHRISTENSEN, District Judge.

HICKEY, Circuit Judge.

The action as originally filed sought statutory relief for alleged usury growing out of a real estate development agreement. The appellee was the purchaser of real estate and the appellants

advanced money to develop the property as a residential housing area. Their contract provided for the payment of 6% interest on the fluctuating balance and, as each completed lot was sold, a bonus of $500.00 per lot to be paid to the appellants by the appellee through an escrow arrangement with a third party.

When the development was completed, after a considerable amount of troublesome experiences, the financiers had received, in excess of the amounts advanced, $93,500.00 from bonus payments. It was admitted that the amount of $18,-042.11 represented the largest amount of interest which could be charged under Colorado law on the various balances of the financiers during the entire transaction. Subtracting this amount ($18,-042.11) from the $93,500.00 actually received leaves a balance of $75,457.80 as excess payment.

Appellee developer seeks to recover the excess payment. The original action sought recovery under a Colorado penalty statute which provided treble damages for usury, the action to be commenced within one year.

After appellee had rested and during appellants' presentation, appellee moved to amend his pleadings by deleting the claim for treble damages and seeking only the amount of excess paid appellants upon a money had and received theory.

At the conclusion of all the evidence, the court gave judgment for the appellee in the amount of $75,457.89,[1] but denied his claim for interest from the date of filing of the complaint.[2]

An appeal from the judgment by appellants and a cross appeal by appellee for interest is now before this court for determination.

The trial court, after a thorough examination of the existence of the common law remedy in Colorado,[3] held that the action was a common law action for money had and received. The citations therein contained completely establish the correctness of this holding.

█ The question then arises: Can the cause of action under the common law be assigned? Appellants claim that after appellee and John R. Mallon negotiated the agreement, they assigned it to D. M. & E. Construction Company of which they were the sole stockholders. Later, after Mallon had assigned all his interest in D. M. & E. to appellee, the corporation assigned all rights under the agreement to appellee. Appellants now claim the cause of action may not be assigned and appellee cannot sue for the excess interest because as an assignee he did not actually pay it.

█ This court determined that the appellee herein was the real party in interest[4] and that determination put at rest any other questions.

"Certainly diversity jurisdiction should not be made to depend on whether some one can pick a legal flaw in the transaction by which jurisdiction is conferred. It should not be made to depend upon or await adjudication of the legality of the transaction under state law. All this means that the state of the law is left in the gray zone where we found it. Certainly no rule of thumb is suggested or stated. But, after all, it is the words of a federal statute we construe in the context of an historical purpose to deny diversity jurisdiction when it would operate to serve a purpose which is unsuited to the good order of federal court administration. Viewed in this context, we cannot say that the assignment was either improper or collusive, or that the suit is not being prosecuted in the name of the real party in interest. The judgment is affirmed." Bradbury v. Dennis, 310 F.2d 73, 76 (10th Cir. 1962)

Rule 17 of the Federal Rules of Civil Procedure provides: "Every action shall

---

1. 236 F.Supp. 683 (D.Colo.1964).

2. 238 F.Supp. 602 (D.Colo.1965).

3. Supra note 1, 236 F.Supp. at 689.

4. 310 F.2d 73, 76 (10th Cir. 1962).

be prosecuted in the name of the real party in interest."

■ The trial court found that the instrument sued upon and the related transactions established a loan. Appellants claim they constituted a joint venture. The evidence certainly sustains this finding because the basic elements of a joint adventure such as sharing of losses and sharing of profits are not present in the instrument itself, nor in the evidence admitted to explain the instrument. The instrument by its terms appears to be a financing agreement wherein payment was guaranteed irrespective of success or failure of the project; tight controls were provided to protect the money advanced; appellee personally guaranteed the money; and the type of protection a bank or money lending institution would provide for in the event the loan became imperiled was contained in the supplemental agreement. With this type of evidence, the "clearly erroneous" requirement to upset a lower court's finding is not available.

■ Appellants' claim that the usury was not proven by clear and convincing evidence is answered by the calculations in the record. The accounting given seems to be agreed upon, i. e. the number of lots upon which the $500.00 was received; the amount of interest due on the changing balance; the difference between the figures all seems clear and convincing that an overpayment was made.

■ Appellants maintain that appellee's claim for excessive interest is barred by the Statute of Limitations. The claim, asserted by the amendment made during the trial, arose out of the same agreement and related transactions which were set forth, or attempted to be set forth, in the original complaint.[5] Therefore, in the spirit of Rule 15(c), F.R. Civ.P., the appellee sought to recover money paid over and above the amount legally recognized in the State of Colorado, and when that amount was determined, it could clearly not place appellants at a disadvantage.

■ Appellants also claim that appellee should have been required to elect between the statutory remedy and the common law remedy when he amended his pleadings during the trial. The question of election of remedies is adequately set at rest by Judge Murrah in Bernstein v. United States, 256 F.2d 697, 706 (10th Cir. 1958):

"Whatever may be said for the common law doctrine of election of remedies before the advent of the Federal Rules of Civil Procedure, we are certain that there is no room for its application under applicable rules of procedure, according to which every pleading is a simple, concise statement of the operative facts on which relief can be granted on any sustainable legal theory 'regardless of consistency, and whether based on legal or on equitable grounds or on both'; Rule 8(e) (1) (2) F.R.Civ.P., and, where the prayer or demand for relief is no part of the claim and the dimensions of the lawsuit are measured by what is proven [citations omitted]. When the complaint is judged in the context of the philosophy of these modern procedural concepts, we are convinced that the election of remedies is inapplicable here."

The court in discussing the construction of the agreements as joint venture or as loan agreements said:

"Although the equities in the case favor the defendants, the Court finds it impossible, even giving full effect to all the testimony, to conclude that the contracts in question constituted anything more than a financing arrangement under the terms of which the plaintiff and his associates agreed to pay a bonus for the use of money advanced from time to time by the defendants. The contracts themselves are, of course, almost conclusive evidence that the arrangement was one

---

5. Denver & Rio Grande Western Railroad Co. v. Clint, 235 F.2d 445 (10th Cir. 1956).

909

of loan rather than something else."
236 F.Supp. 683, 687 (D.Colo.1964)

The Court having concluded, "[t]he contracts themselves are, of course, almost conclusive evidence that the arrangement was one of loan rather than something else," [ibid] went on to outline the provisions which directed the conclusion.

In view of the foregoing, the discussion regarding appellants' equities can only relate to the right of appellants to have the money loaned by them returned together with the highest rate of interest allowable under the circumstances; and their argument that because the equities are in their favor they must prevail, must be examined in the light of its context.

The trial court conclusively found upon the proof presented (1) that the agreements and related transactions were in the nature of a loan rather than a joint venture; (2) that the action was for money had and received which was in part illegally retained because the excess received violated the interest statutes of the State of Colorado; (3) that the cause of action had not been outlawed by the Statute of Limitations; and (4) that the plaintiff was entitled to recover a specific amount.

The pleadings as amended, the findings based upon all of the proof, and the judgment of the trial court are all consistent and, therefore, the decision does not contain an irreconcilable internal conflict as asserted by appellants.

Judgment affirmed.

The cross appeal complains that interest should be given from the date of filing the complaint.

The learned trial judge clearly announced the law in the State of Colorado regarding the payment of interest and concluded that under the Colorado Statutes provision is not made for the payment of interest claimed.[6]

The cross appellant consented by its agreement with the escrow agent to the withholding of the money and the distribution thereof to the cross appellees. There is no evidence that demand was made or that the amount was liquidated so that interest could be computed at the time the action was filed. Therefore, the trial court's conclusions were justified denying the interest claimed from the date the action was filed.

Affirmed.