Henry A. BECKER and Lois B. Becker, Plaintiffs,

v.

MARKETING AND RESEARCH CONSULTANTS, INC., and Trailer Boards, Inc., Defendants.

Civ. A. No. 80–K–1635.

United States District Court, D. Colorado.

Nov. 10, 1981.

Bruce D. Pringle, Baker & Hostetler, Denver, Colo., for plaintiffs.

William H. Foster, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case involves a promissory note. Plaintiffs seek the principal lent to defendants, plus interest and attorneys fees as provided for by the note. Plaintiffs moved for summary judgment. Parties have submitted briefs, affidavits and admissions and the motion is now ripe for determination. I grant the motion in part and deny it in part.

Defendants do not dispute the validity of the promissory notes, nor that they received the principal and now owe that amount to the plaintiffs. The note states that defendants promise to pay plaintiffs the principal borrowed plus interest at a rate of 18 per cent per month until the principal is paid. The note also states that defendants agree to pay 15 per cent as attorneys fees in case suit is brought on the note. The note is dated May 14, 1979 and is signed by Raynard M. Fenster, "for the corporations."

Plaintiffs moved for summary judgment, stating that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. In their accompanying brief, plaintiffs argue that Ohio law should govern the question of usury, and that under Ohio law, the interest rate is valid.

Defendants opposed plaintiffs' motion, arguing that summary judgment is not appropriate because there are unresolved issues of material fact. In particular, defendants assert that Raynard M. Fenster did not have the authority to sign the note, that the corporations did not have the authority to enter into contracts at the time the note was signed because of a state-court preliminary injunction, and that Ohio law should not apply.

I conclude that plaintiffs are entitled to summary judgment on the issue of liability, but are not entitled to summary judgment on the issues of damages.

## I. SUMMARY JUDGMENT

Although defendants cite the Colorado Rules of Civil Procedure and several Colora-

do cases in support of their opposition to summary judgment, F.R.Civ.P. 56 dictates the standards to be applied in summary judgment motions in this court. See C. Wright & A. Miller, *Federal Practice and Procedure* § 2711, at 364–66 (1973); cf. *Hanna v. Plumer*, 380 U.S. 460, 469–74, 85 S.Ct. 1136, 1142–45, 14 L.Ed.2d 8 (1965) (upholding trial court's application of F.R. Civ.P. 4(d)(1) in a diversity case, even though in conflict with state law).[1] I therefore apply federal law to determine the proper standard to be applied in a summary judgment motion.

■ Summary judgment is appropriate only when there exists no genuine issue of material fact. *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1383 (10th Cir. 1980). As a matter of law, the movant must show entitlement to summary disposition beyond a reasonable doubt. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir. 1980).

■ In ruling on a summary judgment motion, I must construe all pleadings, affidavits, and admissions in favor of the party against whom the motion is made. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980). No margin exists for disposition of factual issues, nor does summary judgment serve as a substitute for trial when there are disputed facts. *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d 39, 41 (10th Cir. 1973). However, "once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his [pleadings], but must respond with specific facts showing the existence of a genuine factual issue to be tried." *Coleman v. Darden*, 595 F.2d 533, 536 (10th Cir.), *cert. denied*, 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979) (citations omitted).

## II. EFFECT OF THE PRELIMINARY INJUNCTION

Defendants argue that the promissory note is invalid because of a preliminary injunction that was in effect when the note was executed. The preliminary injunction, issued by the Denver District Court in *Tureaud, et al., v. Fenster, et al.*, Civil Action No. 79CV3997, was effective from June 25, 1979 until December 17, 1979. It provided, in relevant part:

> Defendants Raynard Fenster, . . ., Marketing and Research Consultants, Inc., Trailer Boards, Inc., . . ., and their officers, employees and agents, are hereby restrained from disbursing any and all funds or property of Defendants Marketing and Research Consultants, Inc., Trailer Boards, Inc., . . .

Although the promissory note is dated May 14, 1979, defendants argue that it was in fact signed on July 15, 1979, and was therefore barred by the preliminary injunction.

■ I conclude that the note is not invalid because of the preliminary injunction,[2] even if it was in fact executed while the preliminary injunction was in effect. The preliminary injunction enjoined disbursements of any of the defendants' properties, but it did not have any effect on the defendants' incurring new obligations. The lenders could not expect to be repaid until the preliminary injunction was no longer in effect, but it did not bar the defendants from incurring new obligations, which is all that they did on the promissory note.

## III. AUTHORITY OF RAYNARD FENSTER

■ Defendants also argue that the note is unenforceable against them because Raynard Fenster did not have the authority to execute the note. In support of this argu-

---

1. But cf. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 744–53, 100 S.Ct. 1978, 1982–86, 64 L.Ed.2d 659 (1980). In this case the Supreme Court held that a federal court, in a diversity action, must not apply F.R.Civ.P. 3 to determine whether an action is barred by a state statute of limitations when there is a conflict-

ing state statute. This case is not applicable here where there is no indication that state law would lead to a different result.

2. I must give the preliminary injunction "the same full faith and credit" that a Colorado state court would give it. 28 U.S.C. § 1738.

ment defendants submitted an affidavit of Roger W. Youmans, the president of Marketing and Research and the vice president of Trailer Boards. That affidavit states that he understood that plaintiffs were going to invest in the defendant corporations and that Raynard Fenster had no authority to accept loans from plaintiffs on behalf of defendants.

This argument is without merit. In the pretrial order signed by defendants' attorney the issue of Fenster's authority to execute the notes on behalf of defendants is not listed as a contested issue. That order also states that counsel are familiar with F.R.Civ.P. 16, which provides that the pretrial order shall govern the subsequent course of the litigation. While I might hesitate to apply this rule inflexibly to bar an issue that is arguably included in the listed contested issues, the issue here is clearly beyond any of the issues listed in the pretrial order. It is therefore not properly raised here. See *Cleverock Engergy Corp. v. Trepel*, 609 F.2d 1358, 1361–62 (10th Cir. 1979), *cert. denied*, 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980).[3]

Because I conclude that all of defendants' defenses to the validity of the promissory note are without merit, even with all of the disputed facts viewed in the light most favorable to them, I hold that plaintiffs are entitled to partial summary judgment on the issue of liability.

## IV. DAMAGES

Plaintiffs seek three forms of damages: the principal lent to the defendants, interest, and attorneys fees. Defendants concede that they owe plaintiffs the $20,000 principal that they borrowed from defendants. I therefore need only consider interest and attorneys fees.

### a. Interest

Ohio law bars any corporation from asserting a usury defense in any proceeding on a promissory note. Ohio Rev. Code Ann. § 1701.68. On the other hand, Colorado law does not allow the interest rate on a note to ever exceed 45 per cent. C.R.S. § 5–12–103. If a note has a higher interest rate, it will be invalid to the extent that the interest rate is usurious, but will still be enforced at the maximum allowable rate. See *Dennis v. Bradbury*, 236 F.Supp. 683, 691–92 (D.Colo.1964), *aff'd* 368 F.2d 905 (10th Cir. 1966). I must therefore determine which law should be applied here.

Plaintiffs argue that Ohio law controls here. They argue that Ohio has the most significant relationship with the transaction and, alternatively, that Ohio law should be applied because doing so will validate the note. Defendants, on the other hand, argue that there are unresolved factual issues that require the conflict-of-law question to be resolved at trial.

█ In a diversity case a federal court must apply the conflict-of-law rules of the state in which the court sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Colorado has adopted the Restatement (Second) approach for conflict of laws in contract actions. *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, Colo., 601 P.2d 1369, 1372–73 (1979). I therefore look to the Restatement Second in determining which law to apply.[4]

---

3. While this may appear to be a harsh result, I note that defendants would lose on this issue even if I did consider their argument. By accepting and using the lenders' money, defendants ratified the loan. See *Security Savings and Loan Association v. Colorado Real Estate Development, Inc.*, 163 Colo. 155, 157–58, 429 P.2d 288, 289–90 (1967). Further, plaintiffs justifiably relied upon the apparent authority of Raynard Fenster, an officer and director of each defendant, in making the loan. See *Gold Glen Mining, Milling, Milling & Tunneling Co.*

*v. Dennis*, 21 Colo.App. 284, 121 P. 677, 679 (1912).

4. Plaintiffs argue that I should follow the approach of *Baxter v. Beckwith*, 25 Colo.App. 322, 137 P. 901, 902–03 (1914), which held that contracting parties could stipulate to an interest rate according to the laws of the place of payment, even if such rate would be illegal in the state where the contract was made. I conclude that this case is inapposite. First, there is no indication that the parties stipulated that any particular state's law should apply.

Rest.2d (Conflicts) § 187 allows contracting parties to choose to have the contract governed by the law of a state, provided that certain conditions are met. That section requires that the parties, either explicitly or implicitly but definitely, choose to have a particular state's law apply. See *id.* Comment a. In the present case there is no indication that the parties intended to have a certain state's law apply.[5] Section 187 is therefore inapplicable.

■ Section 188 provides that, absent an effective choice by the contracting parties, the law of the state that "has the most significant relationship to the transaction and the parties" will control. In determining which state this is, the court is to consider:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

Section 195 provides that contracts for the repayment of money lent are to be construed according to the law of the

state where the contract requires that repayment be made, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.[6]

Second, *Baxter* was decided long before Colorado adopted the Restatement Second in conflicts cases and therefore was implicitly overruled to the extent that it is inconsistent with the Restatement Second.

5. Comment a. to section 187 states that the trial court may be able to conclude that the contracting parties intended for a certain state's law to apply if the contract contains references to certain legal expressions or doctrines peculiar to one state. The note here does not contain any such expressions or doctrines. The comment then states:

It does not suffice to demonstrate that the parties, if they had thought about the matter,

When usury is at issue, then section 203 also applies. It provides:

The validity of a contract will be sustained against the charge of usury if it provides for a rate of interest that is permissible in a state to which the contract has a substantial relationship and is not greatly in excess of the rate permitted by the general usury law of the state of the otherwise applicable law under the rule of § 188.

I conclude that sections 195 and 203 dictate that I apply the law of the state with the most significant relationship to the transaction and the parties, as determined by section 188. Section 195 specifically provides that the law of the state of the most significant relationship should be applied. Section 203 leads to the same conclusion here, where Ohio law would allow an interest rate greatly in excess of that allowed by Colorado law.[7]

■ With the present record it is difficult for me to apply the principles of section 188. I do not know where the places of contracting and negotiation, or the location of the subject matter were. The place of performance appears to be Ohio, the domicile of the creditors. See *Gill v. Justice of the Peace Court No. 2*, 111 Colo. 160, 139 P.2d 271 (1943). The domiciles of the parties appear to be equally split, plaintiffs in Ohio, defendants in Colorado. With three of the five elements unknown and a fourth inconclusive, I cannot effectively apply the test of section 188. It is therefore inappropriate for me to decide the conflict-of-law issue on a summary judgment motion.

would have wished to have the law of a particular state applied.
Plaintiffs' desire to have Ohio law applied is insufficient grounds for doing so here.

6. Section 6 lists several general choice-of-law principles. In the present case, only the more detailed provisions of section 188 are relevant.

7. If interest on the note is not to be compounded, Ohio law would still permit a rate of 216% per year to be assessed on the note. Colorado law, on the other hand, permits a maximum rate of 45% per year.

### b. Attorneys Fees

In addition to providing for interest, the promissory note states:

> We, further agree to pay fifteen per cent as Attorney's fee in case suit is brought on this note, said fee to be taxed up as part of the cost of suit.

Plaintiffs' complaint seeks attorneys fees, but does not specify the amount. The summary judgment motion likewise does not specify the amount of attorneys fees sought, but merely seeks the amount "as provided for in the promissory note here in question." Having found the defendants to be liable, I must still determine whether this liquidated damages provision is enforceable.

When a promissory note contains a provision for attorneys fees it is a matter of state law whether the provision is enforceable. See *Webster Drilling Co. v. Walker*, 286 F.2d 114, 117 (10th Cir. 1961). The general rule is that liquidated damages will not be allowed if they are a penalty for breaching the contract. The Colorado Supreme Court has listed three factors that trial courts should consider in determining whether liquidated damages are in fact a penalty:

1) whether the parties intended to liquidate damages;

2) whether the amount of liquidated damages, when viewed from the time of contracting, was a reasonable estimate of the presumed actual damages that breach of the contract would cause; and

3) whether, when viewed from the time of contracting, it was difficult to ascertain the amount of actual damages that would result from breach.

*O'Hara Group Denver, Ltd. v. Marcor Housing Systems, Inc.*, 197 Colo. 530, 535, 595 P.2d 679, 683 (1979) (citation omitted). Although Ohio courts have not enunciated the same three-part test, they follow essentially the same analysis in assessing the validity of liquidated damages. See, e.g., *American Financial Leasing and Services Co. v. Miller*, 41 Ohio App.2d 69, 322 N.E.2d 149, 152 (1974) (citing *Miller v. Blockberger*, 111 Ohio St. 798, 146 N.E. 206 (1924)). There is therefore no conflict-of-law issue in determining the validity of the liquidated damages clause.

There are, however, several unresolved factual issues. I have no evidence whatsoever on whether the parties intended to liquidate damages, whether the amount, when viewed from the time of contracting, is reasonable, and whether the parties considered that it would be difficult to ascertain the amount of actual damages when they executed the note. It is therefore inappropriate for me to grant summary judgment on the issue of the amount of attorneys fees.

IT IS ORDERED that plaintiffs' motion for summary judgment is granted on the issue of defendants' liability. It is further

ORDERED that plaintiffs' motion for summary judgment is granted on the issue of the principal lent. At the time of entry of judgment, plaintiffs shall be entitled to $20,000 (twenty thousand dollars) damages. It is further

ORDERED that plaintiffs' motion for summary judgment is denied in all other respects. It is further

ORDERED that this case is set for trial on the remaining issues on the 19th day of February, 1982, at 8:30 a.m., for one-half day.