**Charman BROWN, Plaintiff–Appellant,**

v.

**Judith Ann FENNER,
Defendant–Appellee.**

**No. 86CA1712.**

Colorado Court of Appeals,
Div. IV.

May 26, 1988.

Plaut, Lipstein, Beckman, P.C., Bruce Gordon, Lakewood, for plaintiff-appellant.

No appearance for defendant-appellee.

JONES, Judge.

Charman Brown appeals an order of the trial court which held that the 50 percent interest rate on a promissory note was unlawful and unenforceable, and awarded interest at the statutory rate of eight percent. We reverse and remand.

The uncontroverted facts are that Brown is a realtor and is not regularly engaged in selling of credit transactions or making loans. On November 21, 1983, Judith Ann Fenner executed a promissory note to Brown in the principal amount of $4,000, and providing for interest at the rate of 50 percent per annum, in consideration of a personal loan by Brown to Fenner. Fenner insisted on imposing the stratospheric rate of interest herself out of gratitude to Brown for the loan and for other personal favors Fenner considered to be essential.

Fenner failed to pay the first installment, and made no payments on the note thereafter, whereupon Brown filed suit. The trial court, on the date of trial, entered default judgment against Fenner and in favor of Brown, and as to the claim on the note ordered judgment of $4,000 plus interest at the statutory rate of eight percent, rejecting Brown's request for the maximum legal rate of 45 percent under § 5–12–103, C.R.S. (1987 Cum.Supp.).

Brown concedes that the 50 percent interest rate in the note is usurious, but contends that she is entitled to the maximum legal rate. We agree.

A usurious contract is void only to the extent the interest is usurious. *Becker v. Marketing & Research Consultants, Inc.,* 526 F.Supp. 166 (D.Colo.1981); *see Dennis v. Bradbury,* 236 F.Supp. 683 (D.Colo. 1964), *aff'd,* 368 F.2d 905 (10th Cir.1966). Therefore, Brown is entitled to interest at the maximum rate allowable under § 5–12–103, C.R.S. (1987 Cum.Supp.).

Contrary to the trial court's order, § 5–5–108, C.R.S. (1987 Cum.Supp.), is ap-

plicable only to consumer credit, lease, or loan transactions. Section 5–3–104, C.R.S. (1987 Cum.Supp.), defines "consumer loan" as one made by a person regularly engaged in the business of making loans. Here, Brown was not in the business of making loans, and so was not subject to § 5–5–108, C.R.S. (1987 Cum.Supp.).

The award of eight percent interest is reversed, and the cause is remanded for an award at the maximum legal rate.

BABCOCK and CRISWELL, JJ., concur.